# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2020

Lyle W. Cayce
Clerk

No. 20-20005

In the Matter of: ABC Dentistry, P.A., et al.,

*Debtors*,

Dr. Saeed Rohi,

*Appellant*,

*versus*

J. Mark Brewer; A. Blaire Hickman; Brewer & Pritchard, P.C.,

*Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-00682

Before Dennis, Southwick, and Ho, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

Cause, not self. That is the sworn duty of every member of the legal profession—to subordinate their own interests to those of their clients.

Dr. Saeed Rohi contends that his attorneys violated this cardinal principle when they assured him that they were acting in his best interest,

when in fact they were maximizing their fees at his expense. Dr. Rohi's claim may or may not ultimately succeed on the merits. But he should have the opportunity to make his case. We reverse and remand for further proceedings.

## I.

This suit has its genesis in ABC Dentistry's 2016 bankruptcy case. *See Rohifard v. Brewer & Prichard, P.C.* (*In re ABC Dentistry, P.A.*), 2019 WL 913356, at *1 (Bankr. S.D. Tex. Feb. 21, 2019). (Rohi informs our court that he was "improperly identified in the court below as Saeed Rohifard.")

During those bankruptcy proceedings, Rohi settled a Texas False Claims Act suit on behalf of the State of Texas against ABC Dentistry for $4 million. *Id.* At a hearing on November 7, 2017, the bankruptcy court proposed the following allocation of the settlement proceeds: $1,599,000 to Texas, $720,000 to Dr. Rohi, and $1,681,000 to his attorneys. The court then granted a brief recess to allow the parties to consult with counsel.

During that recess, Rohi alleges that his attorneys made "material representations . . . about how the gross recovery (including any attorney fee award) would be split to induce [his] consent to the settlement." Based on those representations, he claims, Rohi agreed not to oppose or appeal the bankruptcy court's proposed allocation.

The bankruptcy court then concluded the hearing by issuing an oral order distributing the funds as proposed: "$1,599,000 to the State of Texas, $720,000 to Dr. Rohi, and $1,681,000 to the attorneys representing Dr. Rohi to be divided by the attorneys in accordance with their own agreements." No party appealed that order. The bankruptcy subsequently closed.

No. 20-20005

Rohi was represented in the proceedings by the law firm of Brewer & Pritchard, as well as by Charles Long, an attorney from a different firm.[1]  That representation was governed by a written agreement that entitles Brewer & Pritchard to 40 percent of the "Gross Recovery."  The agreement defines "Gross Recovery" as any money "received from any party" as a result of the representation.

Rohi argues that the term "Gross Recovery" consists not only of the $720,000 that the bankruptcy court allocated to Rohi, but also the $1,681,000 that the court awarded to his attorneys.  In his view, Brewer & Pritchard is entitled to only 40 percent of the sum of those two amounts—and 40 percent of that sum ($2,401,000) equals $960,400, which is considerably less than the $1,681,000 awarded to the attorneys under the November 2017 order.

Brewer & Pritchard disagrees. *See id.* at *2. So Rohi filed suit in Texas state court, alleging state law claims against Brewer & Pritchard for breach of fiduciary duty, breach of contract, misapplication of fiduciary property, and a violation of the Texas Theft Liability Act.  He also brought an equitable claim for money had and received.

In response, Brewer & Pritchard moved to reopen the bankruptcy proceedings and remove the state case to the bankruptcy court.  The bankruptcy court subsequently held that it had "arising in or under" jurisdiction to hear Rohi's new claims. *Id.* at *3.  It also held that abstention was inappropriate. *Id.* *5.

Most notably for this appeal, the bankruptcy court also held that res judicata precluded Rohi's suit. *Id.* at *5–*10.  Also relevant to this appeal,

---

[1] Rohi also sued two attorneys at Brewer & Pritchard.  Because Rohi brings the same claims against the attorneys and the firm, for convenience, we refer to all three collectively as "Brewer & Pritchard."

No. 20-20005

the bankruptcy court did not rule on Rohi's request to amend his pleadings to include additional facts and causes of action regarding Defendants' "material misrepresentations . . . about how the gross recovery . . . would be split to induce [his] consent to the settlement at the November [2017] hearing."

The district court affirmed the bankruptcy court. It held, *inter alia*, that the bankruptcy court did not err in denying Rohi's motion to amend his complaint. *See Rohi v. Brewer & Pritchard* (*In re ABC Dentistry, P.A.*), 2019 WL 6894775, at *19 (S.D. Tex. Dec. 17, 2019). Rohi subsequently filed this appeal.

## II.

In affirming the denial of Rohi's motion to amend, the district court ruled that Rohi's proposed amendments would have been futile. *See, e.g.*, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (an amended complaint is futile "if the complaint as amended would be subject to dismissal"). As the district court saw it, the amendments would not have altered the res judicata analysis, and thus would not have "cure[d] the deficiency of the original complaint—failure to state a claim upon which relief [can] be granted." *In re ABC*, 2019 WL 6894775, at *19. We review this determination de novo. *See Flores v. Stephens*, 794 F.3d 494, 504 (5th Cir. 2015) ("[W]hen the denial of leave to amend is based on futility, our standard of review is de novo.").

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated *or should have been raised* in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (emphasis added). "[W]e must . . . determine whether the previously unlitigated claim could or should have been brought in the earlier litigation."

4

*Ries v. Paige* (*In re Paige*), 610 F.3d 865, 870 (5th Cir. 2010) (quotations omitted).

Rohi sought to amend his complaint to include allegations that Brewer & Pritchard attorneys assured him during the recess that they would treat the bankruptcy court's proposed fees as part of Rohi's "Gross Recovery" under his written agreement with Brewer & Pritchard. *In re ABC*, 2019 WL 6894775, at *18. The court understood Rohi's theory that these claims could "not [be] barred by res judicata as they could not have been brought prior to Dr. Rohi justifiably relying on the fraudulent statements and agreeing to the November 2017 allocation." *Id.* But the district court nonetheless ruled that res judicata barred Rohi's proposed claims because "the conduct about which he is complaining occurred before—not after—the settlement allocation." *Id.* at *19.

We disagree. The "conduct" that Rohi seeks to challenge is the alleged *breach* of fiduciary duty—the failure to follow through on the new representations supposedly made to him during the November 2017 hearing. At the time of the hearing, Rohi could not have even known that the attorneys' assurances were misrepresentations, let alone that he should challenge them as such. It was not until *after* the November 2017 hearing that Rohi could have discovered that his attorneys lied to him and would allocate the fees in accordance with the allocation, rather than the commitment they allegedly made during the recess. In short, had Rohi been granted leave to amend his complaint, his proposed claims—whatever their merit—would not have been subject to dismissal under the doctrine of res judicata. The district court thus erred in concluding that Rohi's proposed amendments would have been futile.

To be sure, Rohi's original written agreement with Brewer & Pritchard was front and center at the November 2017 hearing. We agree that

No. 20-20005

the time for Rohi to object to the November 2017 order as inconsistent with the written agreement was at the hearing. But Rohi seeks to argue that there was a *new* commitment that induced him to not contest or appeal the November 2017 order. The district court erred in determining that those additional claims could and should have been brought at the November 2017 hearing.

\* \* \*

Defendants contend that the alleged side-agreement never occurred, and that Rohi has no evidence to support his allegations. For the sake of the reputation of the legal profession (such as it is), we hope that that is so. But whether Rohi's future amended complaint has the evidentiary support to proceed or prevail is a matter for the parties and the district court to resolve on remand.

We reverse and remand, with instructions that Rohi's motion for leave to amend be granted.